

**ORDERED in the Southern District of Florida on May 9, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:

CLAUDIO LORENZO and
GUADALUPE LORENZO,

       Debtors.
_____/

Case No. 09-28532-BKC-AJC
Chapter 13

### ORDER SUSTAINING IN PART TRUSTEE'S OBJECTION AND DENYING WITHOUT PREJUDICE DEBTOR'S MOTION TO MODIFY

THIS CAUSE came before the Court for hearing on April 16, 2013 at 9:00 a.m., upon *Debtors' Motion to Modify Plan* [ECF No. 104] and the Trustee's Objection to same. The Court, having reviewed the record, Trustee's Memorandum of Law [ECF No. 112], heard argument of counsel, and being otherwise duly-advised in the premises, sustains the objection in part and denies the motion to modify without prejudice, in accordance with this opinion.

### UNDISPUTED FACTS

Debtors, Claudio Lorenzo and Guadalupe Lorenzo, filed their petition under Chapter 13, title 11 of the United States Code, on August 31, 2009. The Debtors filed their B22C form, also

referred to as Current Monthly Income form ("CMI"), together with the rest of their Schedules on August 31, 2009 [ECF No. 1 & 3]. According to their CMI, the Debtors were required to pay their disposable income of $2,452.38 per month into their Chapter 13 plan for a total of $147,142.80 to their unsecured creditors. [ECF No. 3]. On July 20, 2010, Debtors' First Amended Plan was confirmed at the confirmation hearing and this Court entered an order confirming Debtors' First Amended plan which contained 100% language ("Debtor agrees to pay 100% of all allowed unsecured claims") [ECF No. 67].

Approximately one (1) year after the case was confirmed, the Trustee filed Motions to Dismiss [ECF No. 71 and 84] because the Debtors' plan was not paying 100% of their unsecured creditors. Ultimately, the Debtors filed an Objection to Claim and a Motion to Modify their confirmed plan along with a proposed First Modified plan [ECF No. 87]. Debtors' Motion to Modify was granted and the First Modified Plan was approved on October 3, 2012, paying 100% of their unsecured claims in the total amount of $141,972.32 [ECF No. 94].

After the First Modified plan was approved, Debtors sought the assistance of new counsel which has filed on their behalf, a motion to modify [ECF No. 104], a Pro-Forma CMI [ECF No. 109], and their Third Modified plan [ECF No. 110]. Based on their Pro-Forma CMI, the Debtors' proposed Third Modified plan reduces the payment to their unsecured creditors by $52,372.72 ($141,972.32 (to be paid in the First Modified) minus $89,599.60 (to be paid in the Third Modified). This reduction of payments to the Debtors' unsecured creditors is based in part on the newly filed Pro-Forma CMI which changed the amount of the standard IRS expenses permitted by the Bankruptcy Code at the time of filing the case to the current IRS standards of a bankruptcy case filed in 2013. The Debtors have also added to their Pro-Forma CMI other expenses such as life insurance (CMI line 32), health insurance and retirement savings (CMI line 55).

## ANALYSIS

The Trustee, citing 11 U.S.C. §707(b)(2)(A)(ii)(I), argues that the Bankruptcy Code mandates that the Debtors' IRS standard expenses are fixed at the time of filing the bankruptcy case and cannot be changed at any time during the case.  This Court disagrees.  The criteria for approval of a proposed plan modification are set forth in 11 U.S.C. §1329.  By its terms, section 1329 does not incorporate section 1325(b) of the Bankruptcy Code, which incorporates section 707(b)(2)(A) expenses.  Consequently, the "projected disposable income" test, as set forth in section 1325(b), does not expressly apply to modified plans under section 1329.  *In re Hill*, 386 B.R. 670, 676 (Bankr. S.D.Ohio 2008).

> For purposes of evaluating a modified plan, therefore, the debtor's income and expenses are not calculated according to the method provided by §1325(b) and §707(b)(2) of the Bankruptcy Code. Instead, the debtor's actual income and expenses at the time of the proposed modification are used to determine whether the payments should be adjusted." *In re Prieto*, 2010 WL 3959610 (Bankr. M.D.Fla. Sept 22, 2010).

*In re Crim*, 445 B.R. 868 (Bankr. M.D.Tenn. 2011).  Because section 1325(b) is not one of the requirements for confirmation of a modified plan, and because section 1325(b) is the section that incorporates section 707(b)(2)(A) expenses, the Court finds section 707(b)(2)(A) to be inapplicable to a motion to modify.  Accordingly, the Court believes there is no prohibition against filing a new, amended or revised Pro-Forma CMI using the IRS standard in effect at the time of the filing of the Pro-Forma CMI when seeking to modify a plan.  Thus, the Debtors may, in conjunction with modifying their plan, file a Pro-Forma CMI using the IRS standards in effect on the date the Pro-Forma CMI was filed, rather than the standards in place when the case was filed.

However, with regard to the inclusion of the additional expenses of life insurance, health insurance, and retirement savings in the Pro-Forma CMI, the Court finds the Code to be more limiting. The Bankruptcy Code is specific as to the expenses that may be increased post-confirmation to reduce amounts paid under a confirmed plan. The only expense mentioned in section 1329 is health insurance. 11 U.S.C. § 1329(a)(4). In the case at hand, the Debtors have added life insurance and retirement savings also, but adding such expenses to the CMI, which were not included in the original CMI or apparent from Debtors' payment advices filed of record, does not satisfy the general requirements for confirmation such as the good faith requirement or the "best interest of creditors" test. 11 U.S.C. § 1325(a)(3) and (4). Therefore, the Court concludes that the health insurance expense is the only one of Debtors' listed expenses which may be included in the Pro-Forma CMI; the Debtors' other additional expenses may not be included in the Pro-Forma CMI. *Id*.

**ORDERED AND ADJUDGED** that the Trustee's Objection to Debtors' Motion to Modify is SUSTAINED in part and the Debtors' Motion to Modify is DENIED without prejudice. The Debtors may submit a new CMI, using the IRS standard expenses permitted as of the date of the filing of the new, amended or revised CMI and removing all other expenses that were not listed as of the date of the order for relief, except health insurance.

###

Submitted by and copies to:

Nancy N. Neidich, Standing Chapter 13 Trustee
Jose Miceli, Esq.

Trustee Nancy N. Neidich shall serve a conformed copy of this Order on all interested parties immediately upon receipt of same and shall file a certificate of service of same.

4